UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22436-CIV-SEITZ/O'SULLIVAN

ENRIQUE RESTREPO,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS IN PART

This matter is before the Court on the Defendant's Motion to Dismiss [DE-5], which seeks to dismiss Plaintiff's complaint in its entirety. This suit arises out of a mortgage and note Plaintiff executed with Countrywide Home Loans, Inc. The mortgage and note, which are secured by Plaintiff's home, were assigned to Defendant. Plaintiff's eight count complaint alleges causes of action for: (1) fraud in the inducement; (2) violation of the Federal Truth in Lending Act (TILA); (3) violation of the Real Estate Settlement Procedures Act (RESPA); (4) breach of contract; (5) unjust enrichment; (6) breach of fiduciary duty; (7) violation of the Fair Credit Reporting Act (FCRA)[1]; and (8) accounting.[2] For the reasons set forth below, Defendant's motion is granted with prejudice as to Counts V, VI, and VIII and with leave to replead as to Counts I, II, III, and VII. The motion is denied as to Count IV.

***Legal Standard for 12(b)(6) Motion to Dismiss***

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and provides that a party may move the Court to dismiss a

---

[1] This count is incorrectly labeled Count IX in the complaint.

[2] This count is incorrectly labeled Count XI in the complaint.

claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). Such a motion does not decide whether the plaintiff will ultimately prevail on the merits, but instead whether such plaintiff has properly stated a claim and should therefore be permitted to offer evidence in support thereof. *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, *see id.* at 683, but it must be factual. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also Roe*, 253 F.3d at 683. Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Twombly*, 127 S. Ct. at 1965. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). With these principles in mind, each count is addressed below.

***Analysis***

Defendant moves to dismiss Count I for fraud in the inducement because it does not comply with the pleading requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that claims of fraud be pled with particularity. The Eleventh Circuit has stated:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made

2

in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (internal quotations and citations omitted). Thus, under Rule 9(b) a plaintiff must plead "the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Id.* Plaintiff has not met its burden. Plaintiff merely pleads that it was provided with "false information regarding the finance charges and interest rate." *See* Complaint, ¶17. Plaintiff has failed to plead who made the false statements, what the exact false statements were, why they were false, and how they misled Plaintiff. Moreover, the facts alleged indicate that if there was fraud in the inducement the only persons involved worked for Countrywide Home Loans or Mortgage Electronic Registration Systems, Inc. *See* Complaint ¶5. In the event that facts exist to show that Defendant made misrepresentations, Plaintiff may amend this count. Thus, Count I will be dismissed without prejudice with leave to replead if facts exist to support this claim against Defendant.

Defendant also seeks to dismiss Counts I and II as timed barred by TILA's one year statute of limitations. In response, Plaintiff alleges that TILA's one year statute of limitations does not apply to the fraud in the inducement count, with which the Court agrees, and that the statute of limitations for the TILA count should be equitably tolled. However, the Complaint alleges no facts that would support a claim of equitable tolling. Therefore, on its face, Count II is time barred, requiring dismissal of Count II. If, however, consistent with Rule 11 of the Federal Rules of Civil Procedure, facts exist that would support an equitable tolling claim, Plaintiff may

3

replead this count. Thus, the dismissal at this point is without prejudice.

Defendant moves to dismiss Count III, alleging a violation of RESPA, for failure to plead that Defendant was the servicer of his mortgage loan, that he sent a "qualified written request," or that he has suffered actual damages as a result. *See* 12 U.S.C. § 2605. Plaintiff argues that he has pled that Defendant received an assignment of all liabilities in connection with the subject mortgage and that the complaint requests actual damage. This is not sufficient to meet pleading requirements under *Twombly* and *Iqbal*. Consequently, the RESPA claim must be dismissed without prejudice.

Turning to Count IV, Defendant moves to dismiss this breach of contract claim for failure to allege any actual facts to support the claim. Plaintiff responds that he has attached the contract and pled the specific portions of the contract that Defendant breached. For purposes of a motion to dismiss, Plaintiff has met his burden. Consequently, Count IV should not be dismissed.

Defendant moves to dismiss Count V for unjust enrichment because of the existence of an express contract. "[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000) (quoting *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla.1994)). Plaintiff, relying on *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. 5th DCA 1998), argues that this rule does not apply to unjust enrichment claims. However, the *Williams* court stated that "upon a showing that an express contract exists . . . the unjust enrichment . . . count fails." *Id.* at 400 (quoting *Mobil Oil Corp. v. Dade County Esoil Management Co.*, 982 F. Supp. 873, 880 (S.D. Fla.1997)). Here, Plaintiff has alleged an express contract and has attached the contract to the complaint. Consequently, the

unjust enrichment claim must be dismissed with prejudice.

As to Count VI for breach of fiduciary duty, Defendant moves to dismiss this count based on Plaintiff's failure to allege facts that establish the existence of a fiduciary duty. Plaintiff has implicitly agreed that he has failed to state a cause of action for breach of fiduciary duty by failing to respond to the argument in his opposition papers. As Defendant argues, a fiduciary duty does not arise from a mere creditor-debtor relationship. *Watkins v, NCMB National Bank of Florida, N.A.*, 622 So.2d 1063, 1065 (Fla. 3d DCA 1993). Furthermore, "[t]o establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Id.* (quotation and citation omitted). Based on the pleadings, it does not appear that Plaintiff can assert a set of facts that would establish the existence of a fiduciary relationship between Plaintiff and Defendant, especially given that fact that Defendant was not the contracting party. Consequently, this count must be dismissed with prejudice.

Defendant seeks to dismiss Count VII, for violation of the FCRA, for failure to plead negligent or willful noncompliance with the Act. The FCRA requires that a furnisher of credit information, such as Defendant, receive a notice of dispute from a credit reporting agency as a prerequisite to suit by a consumer. 15 U.S.C. § 1681s-2(b). Plaintiff argues that it has pled that all conditions precedent to suit have been satisfied. However, under *Twombly* and *Iqbal* this is insufficient because it is a conclusory allegation which is not supported by factual allegations. Furthermore, Plaintiff has not alleged what actions Defendant took, after it had received notice, that breached the statute. Thus, this count should be dismissed without prejudice.

Lastly, Defendant moves to dismiss Count VIII, seeking an equitable accounting, for

failure to plead the elements of such a claim. To state a claim for an equitable accounting a plaintiff must allege that "the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity." *Bankers Trust Realty, Inc. v. Kluger*, 672 So. 2d 897, 898 (Fla. 3d DCA 1996) (quoting *F.A. Chastain Constr., Inc. v. Pratt*, 146 So.2d 910, 913 (Fla. 3d DCA 1962)). Plaintiff argues that the complaint does allege a complex series of transactions and that such relief is authorized under RESPA. However, Plaintiff has pled accounting as a separate cause of action and has not provided any authority to support his claim that RESPA permits such a remedy. Thus, in order to support a separate count, he must allege the elements of such a claim. Furthermore, Plaintiff has a remedy at law. Consequently, this count must be dismissed with prejudice.

For the reasons discussed above, it is

ORDERED that:

1) Defendant's Motion to Dismiss [DE-5] is GRANTED:

    a) without prejudice as to Counts I, II, III, and IV;

    b) with prejudice as to Counts V, VI, and VIII;

2) Defendant's Motion to Dismiss [DE-5] is DENIED as to Count IV; and

3) Plaintiff shall file an Amended Complaint in accordance with this order and Rule 11 of the Federal Rules of Civil Procedure by **February 19, 2010.**

DONE and ORDERED in Miami, Florida, this 3rd day of February, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record